J-S84006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHA P. DEVON, | |
| Appellant | No. 55 EDA 2018 |

Appeal from the PCRA Order Entered December 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0742731-1989

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 02, 2019**

Appellant, Sha P. Devon, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Appellant was convicted following a non-jury trial of first-degree murder and conspiracy for his role in the shooting death of David Allen that occurred in 1989. Consequently, the trial court sentenced Appellant to a mandatory term of life imprisonment. On October 5, 1993, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court subsequently denied his petition for allowance of appeal. *Commonwealth v. Devon*, 638 A.2d 266 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 641 A.2d 307 (Pa. 1994). Appellant did not seek further review from the United States Supreme Court.

As noted by the Commonwealth,

From 1997 to 2009, [Appellant] filed three unsuccessful PCRA petitions. [He] filed the instant PCRA petition [(hereinafter, the "Petition")], his fourth, on August 1, 2012. The PCRA court … filed a [Pa.R.Crim.P.] 907 notice [of its intent to dismiss the Petition] on September 19, 2017. [Appellant] filed a response to the notice on October 2, 2017. On December 12, 2017, the PCRA court dismissed [the P]etition. This appeal followed.

Commonwealth's Brief at 3-4. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). The court filed its Rule 1925(a) opinion on December 12, 2017.

Appellant now presents the following questions for our review, *verbatim*:

I. DID THE TRIAL COURT ERRED, WHEN IT FOUND APPELLANT NOT GUILTY OF MURDER WITH RESPECT TO THE MURDER BILL CONSTITUTES AS AN ACQUITTEL? AND DID HE THE TRIAL COURT VIOLATE RULE CRIM. PROC. RULE 1102(A)2 42 PA. C.S.A. LIMITING THE TRIAL COURT TO CONSIDERATION OF POSTVERDICT MOTIONS IN ARREST OF JUDGMENT OR GRANTING OF NEW TRIAL?

II. DID THE TRIAL COURT ERRED WHEN IT ALLOW THE PROSECUTOR ANOTHER OPPORTUNITY TO PRESENT MORE EVIDENCE ON SPECIFIC INTENT AND ACCOMPLICE LIABILITY AFTER COURT HAD ENTERED INTO MID-TRIAL JUDGMENT AND ANNOUNCE VERDICTS AND ACQUITTED THE APPELLANT OF FIRST DEGREE MURDER IN THE MORNING SESSION OF APPELLANT'S NONJURY TRIAL? AND IN THE AFTERNOON CHANGED THE ORIGINAL VERDICT, AND BY DOINGSO CAUSED APPELLANT TO BE WRONGFULLY CONVICTED OF FIRST DEGREE MURDER WHEN HE SENTENCES HIM TO LIFE IMPRISONMENT AND VIOLATED THE DUE PROCESS OF THE LAW?

III. DID THE TRIAL COURT ERRED WHEN IT REEXAMINATION OF EVIDENCE DUE TO THE STATE NOT BEING ABLE TO PROVE SPECIFIC INTENT AND ACCOMPLICE LIABILITY BEYOND A REASONABLE DOUBT?

Appellant's Brief at VII.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of the Petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address its merits. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

The Petition under consideration is patently untimely. Accordingly, Appellant must plead and prove the applicability of at least one of the timeliness exceptions set forth in Section 9545(b)(1). In the Petition, Appellant asserted a single claim, arguing that he was entitled to a new trial and/or resentencing pursuant to *Miller v Alabama*, 567 U.S. 460 (2012). In *Miller*, the United States Supreme Court held that the Eighth Amendment to the United States Constitution prohibits any sentencing scheme that mandates life imprisonment without the possibility of parole for juvenile homicide offenders. Subsequently, in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Supreme Court held that its decision in *Miller* announced a new substantive constitutional rule that must apply retroactively on state collateral review. *Montgomery* effectively overruled the Pennsylvania Supreme Court's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), which had held that *Miller* did not apply retroactively and, therefore, did not satisfy the PCRA's timeliness exception set forth in Section 9545(b)(1)(iii). Thus, it is now well-established that *Miller* can satisfy Section 9545(b)(1)(iii), assuming a PCRA petition was filed within 60 days of *Montgomery*. *See*

---

[1] Section 9545(b)(2) was recently amended to extend this period from 60 days to 1 year; however, at the time Appellant filed the Petition, the 60-day rule was in effect.

*Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016) ("Because the *Montgomery* decision was needed to clarify *Miller*, … we will use the date of the *Montgomery* decision … to measure the 60–day rule of Section 9545(b)(2) (requiring petitioner asserting timeliness exception to file petition within 60 days of date claim could have been presented).").

Here, the PCRA court denied Appellant's Petition because,

[a]lthough the United States Supreme Court in *Montgomery* … ruled that *Miller* has retroactive effect in cases on state collateral review, [Appellant] was over the age of eighteen at the time of the offense, placing his sentence outside the reach of the Supreme Court's *Miller* decision. Therefore, [Appellant] has failed to invoke [Section 9545(b)(1)(iii)].

PCRA Court Opinion, 12/12/17, at 1 (single page).

We agree with the PCRA court. "The *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (citation and quotation marks omitted). Accordingly, we ascertain no error in the PCRA court's dismissal of the Petition on this basis.

Appellant raises three questions for our review in his brief that are unrelated to the *Miller* argument that he presented in the Petition. All three issues pertain to allegations of trial court error, and none of them were presented in the Petition. Thus, these claims are waived. *See Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012) (holding that a PCRA petitioner may not raise new claims by merely supplementing a pending PCRA petition without court authorization because to do so would "wrongly subvert

the time limitation and serial petition restrictions of the PCRA"); Pa.R.Crim.P. 902(B) (providing that the "[f]ailure to state such a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief").

Nevertheless, Appellant did raise the first claim in his response to the PCRA court's Rule 907 notice. However, even if this claim was not waived due to Appellant's failure to raise it in the Petition, such a claim cannot satisfy an exception to the PCRA's time limitations. First, it is immediately apparent that Appellant's claim—that the trial judge violated various constitutional rights by altering the verdict on first-degree murder—was known to Appellant when it occurred on the last day of his trial in 1990. Accordingly, Appellant cannot satisfy 42 Pa.C.S. § 9545(b)(2), which, at the time Appellant filed his petition, required that all claims be filed within 60 days of the date they could have been first presented. Indeed, Appellant could not possibly meet the 1-year deadline in the amended version of Section 9545(b)(2), either.

Second, even if Appellant could meet a timeliness exception for this claim, he would not be eligible for relief, as he previously raised the same claim during his direct appeal. *See **Commonwealth v. Devon***, No. 03716 PHL 92, unpublished memorandum at 1 (stating the claim); 3 (ruling that the claim lacked merit) (Pa. Super. filed October 5, 1993). "To be eligible for relief under th[e PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following: … (3) That the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3).

- 6 -

Accordingly, because Appellant cannot prove a timeliness exception to the PCRA's time limitations, and/or because he is otherwise ineligible for relief under the PCRA, the PCRA court did not err in dismissing the Petition.

Order ***affirmed***.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/19